FANNIE C. FISHER

v.

JAMES A. FISHER.

A testator gave to his wife all his estate, "to her, her heirs and assigns forever," adding "in trust, nevertheless, that she shall only have and hold the same for her benefit during her natural life as trustee for my child or children, and, in case of her death, then all shall go to my child or children; * * * and this trust is to be continued, if necessary, to her executors or administrators." The testator left one child, a minor, and left real estate.—*Held*, that the devise to the widow was in fee, in trust for her own benefit for life, with remainder to the child; that whether she had the power to sell the lands depends on the necessities of the trust, and that any purchaser thereof from her would take the lands with notice of the trust.

---

Bill for construction of will. On final hearing.

*Mr. R. E. Chetwood*, for complainant.

THE CHANCELLOR

The bill seeks construction of the will of James W. Fisher, deceased. After directing payment of his debt and funeral expenses, the testator provided as follows :

"I give, devise and bequeath to my beloved wife all my estate, both real and personal, to her, her heirs and assigns, to have and to hold the same to her, her heirs and assigns forever; in trust, nevertheless, that she shall only have and hold the same for her benefit during her natural life, as trustee, for

my child or children; and, in case of her death, then all shall go to my child or children, to be divided between them, share and share alike; and this trust is to be continued, if necessary, to her executors or administrators. This will is to devise all estate in possession, reversion or expectancy."

He then appointed his wife and his friend, Robert E. Chetwood, executors. The latter renounced; the former proved the will. The testator left but one child, the defendant, a minor under fourteen years of age. He left real estate, and the object of this suit is to get the decree of this court declaring what the estate of the widow is in the real estate under the gift to her in the section above quoted, and whether she has power to sell the real estate. The devise is to her in fee, but in trust for her own benefit for life, with remainder to the child; that is, she has the legal estate in fee and an equitable estate for life only, and the child has an equitable remainder in fee. Though the gift is by its terms " for her benefit during her natural life as trustee for," the testator's " child or children," it is obvious that the testator did not intend, by the words "as trustee for my child or children," to grant or restrict the beneficial use of the property to the children during the widow's lifetime; for that would not have been for her benefit, but for the benefit of the child or children. What he meant was that she was to have the beneficial use of the property for life only, at the same time holding the property in trust for his child or children, who were to be entitled to it at her death. By the words "in case of her death," he meant upon her decease. It is quite clear, on the authority of the adjudged cases also, that the beneficial interest of the widow, under the devise, is an estate for life. *Theob. Wills 200–203; Wallace* v. *Dold, 3 Leigh 258.*

The will vests in the widow the legal estate in fee by technical words. But whether she has power to sell the real estate or not depends, notwithstanding that fact, upon the necessities of the trust. The testator does not appear to have contemplated a sale of the property, for he gives it to her in trust, to have and to hold it for her benefit during her natural life, as trustee for his child or children, and, on her death, it is to go to the child or children. The general rule is that whether there are words

of inheritance or not in the gift, the trustee will take an estate adequate to the execution of the trust, and no more nor less. *Perry on Trusts* § *320.* Were the trustee to sell, the purchaser would take the property with notice of the trust. Her title being derived from the will, the purchaser would be chargeable with notice of the trust from that instrument.